UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF NH
FILED

2017 MAY 22  A II: 18

Attorney Joseph A. Foistner, Esq.
      Pro Se Plaintiff,

      v.

Superior Court Judge David W. Ruoff
Individually and in his official capacity as Justice
of the Cheshire County Superior Court
      Defendant

} 
} 
} 
} 
} 
} 
} 
} 
} CIVIL CASE NO.
} 
} 
} 
}

## VERIFIED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE AND DECLARATORY RELIEF

### HEARING REQUESTED BY AN ARTICLE III JUDGE
### TRIAL BY JURY DEMANDED IF THIS CLAIM GOES TO TRIAL

### JURISDICTION

1.      Plaintiff, Attorney Joseph A. Foistner, Esq., is an individual residing at 240 Mount Vernon Road, New Boston, New Hampshire.

2.      Defendant, David W. Ruoff, is an individual residing at 57 General Knox Road, Weare, New Hampshire and is a Justice of the of the Cheshire County Superior Court.

3.      This action is based upon the denial of Plaintiff's due process rights secured under 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution, and therefore, this Court has jurisdiction under 28 U.S.C. §1331.

### FACTUAL BACKGROUND

1

4.      From 1985 through 2017, the Plaintiff, along with various LLCs, was a real estate developer and entered into a development project in New Boston, New Hampshire called Waldorf Estates. Involved in various aspects of the Waldorf Estates was Joseph A. Foistner, Esq., ("Foistner") as manager of the various LLCs, Laurie Foistner, as a member of the various LLCs, and the LLCs were: Seff Enterprises and Holdings, LLC, New Boston Estates, LLC, Waldorf Estates Builders, LLC. (the "LLCs"). With regard to this complaint and action, the LLCs have assigned their rights to the Plaintiff. This complaint is a result of proceedings in Antonia Shelzi, v. Seff Enterprises & Holdings, LLC, et al., 216-05-EQ-00464 and Joseph Foistner, et al. v. Antonia Shelzi, 216-07-CV-113 (hereinafter the "Shelzi case"). ,


<u>Orr & Reno, PA Attorney Conflict and Breach of the Rules of Professional Conduct</u>

5.      From 1995 through 2005 the law firm of Orr & Reno, PA, through its various attorneys, at various times, represented the Plaintiff, their Business Partners, including Shelzi, and the LLCs in the Waldorf Estates development. The attorney/client relationship has never been formally terminated and still exists today. Even if there were no longer a current attorney /client relationship the duties discussed herein are continuing and survive the termination of the relationship until the Client's death or waiver.

6.      Confidential information was imparted to Orr & Reno, by Foistner, individually, and as a representative of the LLCs. This confidential information included all phases of the Waldorf Estates development, from 1985 through 2005, the managers, owners, creditors and other third party beneficiaries of the Waldorf Estates development, the financing and construction of the Waldorf Estates subdivision, its financial and accounting information since 1985, internal and financial information pertaining to the officers and owners of the companies and businesses since

1985, information pertaining to bankruptcy filings, contractual issues and information pertaining to an anticipated RICO lawsuit against the Town of New Boston and several of its officials for their criminal racketeering conspiracies.[1] See Exhibit A to Petition for Writ of Mandamus: Expert Opinion of Attorney Flagel.

7.      This representation by Orr & Reno of the Petitioners is evidenced, in part, by an affidavit by Maureen McLean, administrator and bookkeeper of Orr & Reno, PA along with 18 pages of billing records indicating time billed by several Orr & Reno, PA attorneys. See Exhibit B to Petition of Writ of Mandamus. Also, Orr & Reno, PA, after meeting with Foistner, provided a legal opinion which focused on certain legal matters of Waldorf Estates development. See Exhibit C, of Writ of Mandamus, Orr & Reno, PA Legal Opinion and Work Product by Martha Van Oot.

8.      In 2005, in a surprise to the Plaintiff, Orr & Reno, PA filed a lawsuit against the Plaintiff, as attorneys for a third party, Antonia Shelzi, the third party being Antonia Shelzi, whom they jointly represented along with the Plaintiff from 2003 through 2005. The subject matter of the lawsuit involved the ownership, control, actions and finances of Plaintiff related to the Waldorf Estates development, the very development that Orr & Reno, PA had represented the Plaintiff and Shelzi.

9.      The Plaintiff immediately and repeatedly objected to the appearance of Orr & Reno, PA since Orr & Reno, PA was his counsel for the Waldorf Estates development and were now representing an adverse party in the same or substantially related subject matter, i.e. the Waldorf

---

[1] Orr & Reno, PA as the Plaintiff's attorney received, including but not limited to, summaries and copies of over 13,000 documents from the Petitioners directly all pertaining to the Petitioners, the legal issues to be litigated, the tax returns, the accounting records, the damages caused to the owners from the RICO issues, and members and all engineering of the Waldorf Estates Subdivision as well as the bank financing. Also confidential information was received through meetings and discussions with the Plaintiff.

Estate development. Apparently, to obfuscate the representation of Petitioners by Orr & Reno, PA, and prior to the discovery by Plaintiff of the billing records of Orr & Reno, PA, two attorneys of Orr and Reno, PA, by affidavit, in clear contravention of the billing records, invoices, letters, and opinions of Orr & Reno, PA, state they did not ever represent the Plaintiff. See Exhibit D, Affidavits of Orr & Reno attorneys Charles Szypszak and Martha Van Oot. To further obfuscate their clear conflict, Orr & Reno, PA represented in court, at many hearings, that the Plaintiff was not ever their client, see Exhibit D of Writ of Mandamus.

Judge David W. Ruoff Bias and Breach of the Code of Judicial Conduct

10.     As a result of the institution of this litigation by Orr & Reno, PA for its new client, and an adverse person to the Plaintiff, some of the LLCs were forced to file bankruptcy and the proceedings were substantially delayed by the bankruptcy proceedings. On August 3, 2016, Judge David Ruoff denied Plaintiff's objection of Orr & Reno, PA as attorney for an adverse party of the Plaintiff. See Exhibit E of Writ of Mandamus, Order of Judge Ruoff dated August 3, 2016. Judge Ruoff's decision is solely based upon Judge Mangones' previous decision which was erroneously based upon fraudulent misrepresentations by Orr & Reno, PA and Bar Counsel's decision not to docket Foistner's complaint concerning Orr & Reno, PA's adversary representation. It was pointed out to Judge Ruoff that such a decision by Bar Counsel <u>was not made by a court of law, there was no notice nor a hearing,</u> and such a decision is subject to a much higher standard of proof for a complainant to prevail than what would be applied to remove an attorney in litigation. See Judge Garfunkel's decision Exhibit F of Writ of mandamus.[2]

---

[2] Upon information and belief, one of Orr & Reno, PA's attorney, serves or has served on the docketing committee of Bar Counsel and Petitioners have not been informed that any such attorney was recused from the

11.     Plaintiff's motion to remove Orr & Reno, PA from the Shelzi case before Judge Ruoff was made with the additional billing information and affidavit of the Orr & Reno, PA bookkeeper and after Judge Garfunkel's order pointing to the deficiency in relying on a Bar Counsel decision not to docket a complaint.[3] Even with this new information, Judge Ruoff denied Foistner's motion to remove Orr & Reno, PA from the Shelzi case, citing the prior defective order of Judge Mangones as authority which was based on fraudulent misrepresentations by Orr & Reno, PA and other facts not known at the time of Judge Mangones' order. This failure to remove impacts, and continues to impact, Plaintiff's rights with regard to attorney client privilege through the disclosure of confidential information to an adversary, his right to counsel without fear of his own counsel having become his adversary.

12.     Judge Ruoff has also since ordered that only Attorney Aivalikles may file motions in the Shelzi case, but Attorney Aivalikles has withdrawn from the Shelzi case. Further, at all times, Attorney Aivalikles represented the LLCs but did not represent Foistner, thereby preventing Foistner from being afforded normal due process including the right to file and respond to motions before the court.  See Court order and Withdrawal Exhibit G of Writ of Mandamus. Judge Ruoff also preemptively threatened Foistner with sanctions if he raises the issue under any circumstances, again, denying Foistner's right to due process to advise the Court of any newly discovered evidence.

13.     In addition to Judge Ruoff's failure to properly rule on the removal of counsel in the Shelzi case, Judge Ruoff allowed an *ex parte* attachment, in contravention of a prior order by

---

decision of Bar Counsel. In addition, Judge Ruoff graduated from the same law school as Orr & Reno, PA's attorney, James Laboe, Esq., the very attorney representing the adverse party to the Petitioners in the litigation. 3 An additional reason advanced for the removal of Orr & Reno, PA was the fact that the Orr & Reno, PA attorney in question, James Laboe, is to be called as a witness to provide testimony, only available to Mr. Laboe, as to a letter from Attorney James Laboe of Orr & Reno, PA sent to Foistner by fax which Foistner believes is evidence of an attempt to induce him to commit tax fraud on behalf of Shelzi relative to the underlying litigation

Judge Mangones See Exhibit H to Writ of Mandamus. The notice for the subsequent hearing was never provided by Judge Ruoff to Foistner. See Exhibit I to Writ of Mandamus. Although an attachment hearing was held by Judge Ruoff, while the business entities were protected by the automatic stay of the bankruptcy court, in violation of Judge Mangones' order to honor the automatic stay, Foistner has yet to be afforded an opportunity to address the Court with regard to the attachment on his property, nor was Foistner, individually, provided notice of the hearing while the other LLCs' attorney was provided notice. This attachment has been on his property unlawfully now for over 17 months and has caused the Plaintiff over $400,000 in money damages.  Again, a failure of due process in violation of 42 U.S.C. 1983.

14.     Plaintiff moved to have Judge Ruoff recuse himself from the Shelzi case, which motion, not surprisingly, was denied by Judge Ruoff. Foistner has had judges in this case who have rule against him, but has never made any motion seeking to remove a judge from this case or any case, other than Judge Ruoff.  Foistner has since filed criminal to the FBI and the US Justice Department and judicial complaints against Judge Ruoff and, in turn, Judge Ruoff <u>has denied all motions of the Plaintiff and granted all motions of the adverse party</u> <u>even if it was contrary to Judge Ruoff's prior Orders</u>,4 without hearings and without notice and without opportunities to be heard, as described above. All acts demonstrating bias and prejudice that Plaintiff will continue to face at trial with Judge Ruoff.

15.     As suggested in this Court's ruling in Joseph A. Foistner v. David W. Ruoff and Tina L. Nadeau, Civil No. 1 7-cv-0013-PB (Dist. of N.H. 2017), the Plaintiff did file a Petition for a Writ

---

4 Judge Ruoff ordered all discovery to be closed as of February __, 2017. See Exhibit J. Months later, Orr & Reno, PA subpoenaed third parties in violation of Judge Ruoff's order. Plaintiff filed a motion to quash which was denied by Judge Ruoff, without explanation. Apparently, it only matters if Orr & Reno, PA desires a result, then Judge Ruoff, like an obedient puppy complies with Orr & Reno, PA's wishes. This could not be a more clear case of evidence of bias from a presiding Judge, and therefore, a violation of 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution.

of Mandamus in the New Hampshire Supreme Court. See Exhibit J, Petition for Writ of Mandamus. The New Hampshire Supreme Court declined to hear the case. See Exhibit K. The New Hampshire Supreme Court also previously declined to hear the case as a Petition for Writ of Certiorari. See Exhibit L.

16.      Unlike the case of *El Dia, Inc. v. Hernandez Colon*, 963 F.2d 488 (1st Cir. 1992), where the Commonwealth of Puerto Rico was not given an opportunity to first rule, and possibly eliminate, the First Amendment issue raised in that case, the State of New Hampshire has had at least three opportunities to rule on the matters raised in this complaint: at the initial trial court level, the Petition for Writ of Certiorari, and the Petition for a Writ of Mandamus. The State of New Hampshire, after three such opportunities, has steadfastly failed to provide the Plaintiff with due process for a fair and impartial hearing and has further, intentionally refused to follow its very own Rules of Judicial Conduct and Rules of Professional Conduct.

17.      To wait until after trial would cause irreparable harm to the Plaintiff. The issue now faced by the Plaintiff was clearly expressed by the United States Supreme Court when ruling on the recusal of a Judge prior to trial in *Berger v. United States*, 255 U.S. 22, 36, 41 S. Ct. 230, 65 L.Ed. 481 (1921) where the Court stated: **"The remedy by appeal is inadequate. It comes after the trial, and, if prejudice exist, it has worked its evil and a judgment of it in a reviewing tribunal is precarious. It goes there fortified by presumptions, and nothing can be more elusive of estimate or decision than a disposition of a mind in which there is a personal ingredient."** In other words, where there is personal bias by a Judge, no remedy after trial will be adequate.

18.     By not recusing himself, Judge Ruoff has violated the State of New Hampshire's Code of Judicial Conduct Rul. 1.1, Rul. 1.2, Rul. 2.2, Rul. 2.5, Rul. 2.6(A), Rul. 2.11(A)(1), and Rul. 2.15(D).

19.     By permitting Orr & Reno, PA, Plaintiff's own attorneys, to represent an adverse party in litigation, Judge Ruoff has violated rules: 1.6(a), 1.6(c), 1.7, 1.8(b), 1.9(b)(2), 1.9(c), 1.10, 3.3, 3.4, and 3.7 of the Rules of Professional Conduct.

20.     The trial is scheduled to commence on June 5, 2017.


### COUNT I – THE FAILURE TO REMOVE ORR & RENO, PA VIOLATES PLAINTIFF'S RIGHT TO A FAIR AND IMPARTIAL HEARING AND THEREFORE VIOLATES HIS DUE PROCESS RIGHTS

21.     Paragraph 1 through 20 are hereby realleged and incorporated herein by reference thereto.

22.     Orr & Reno, PA are the attorneys for the Plaintiff, and as such, are prohibited from also representing an adverse party to the Plaintiff in litigation. To allow otherwise, would completely erode all basis for any attorney/client privilege and thereby undermine any possibility of a fair and impartial hearing.

23.     The failure of Judge Ruoff to remove Orr & Reno, PA violates several of the Rules of Professional Conduct enacted by the New Hampshire Supreme Court, in part, to assure litigants of a fair trial. Those violated Rules of Professional Conduct include rules: 1.6(a), 1.6(c), 1.7, 1.8(b), 1.9(b)(2), 1.9(c), 1.10, 3.3, 3.4, and 3.7 of the Rules of Professional Conduct.

24.     The State of New Hampshire has had multiple opportunities to enforce it own rules and to assure due process in this case, but refuses to comply with its own rules and well accepted requirements of due process.

8

25. The violation of attorney/client privilege as well as the Rules of Professional Conduct by allowing Orr & Reno, PA, attorneys for the Plaintiff, to represent an adverse party to the Plaintiff in litigation violates both 42 U.S.C. 1983 and the due process clause of the Fourteenth Amendment of the United States Constitution.

**COUNT II – THE FAILURE AND REFUSAL OF JUDGE RUOFF TO BE RECUSED IN A CASE WHERE HE HAS A PERSONAL BIAS AGAINST THE PLAINTIFF VIOLATES PLAINTIFF'S RIGHT TO A FAIR AND IMPARTIAL HEARING AND THEREFORE VIOLATES HIS DUE PROCESS RIGHTS**

26. Paragraph 1 through 25 are hereby realleged and incorporated herein by reference thereto.

27. Judge Ruoff has shown clear bias in all proceedings and motions to date including violating his own orders and orders of prior Judges of the case, solely and exclusively ruling in favor of Orr& Reno, PA all to the detriment of the Plaintiff.

28. Judge Ruoff is well aware that the Plaintiff has filed criminal and judicial complaints against Judge Ruoff, which is unprecedented for the Plaintiff, and Judge Ruoff, as a result of such complaints, holds intense personal bias against the Plaintiff to the extent Judge Ruoff ordered that the Plaintiff be prohibited from filing motions in the case prior to trial at the peril of the Plaintiff being held in contempt.

29. Judge Ruoff has continued to ignore all law and precedent in the motions filed by the plaintiff and held against the Plaintiff in all of the motions filed to date, with most of such decisions ordered without explanation. Such conduct can only be explained as personal bias against the Plaintiff by Judge Ruoff.

30.    Judge Ruoff has allowed a permanent and continuing attachment of Plaintiff's home without notice and a hearing, with the intent to deprive the Plaintiff of due process, to further Judge Ruoff's agenda of personal bias against the Plaintiff.

31.    The failure of Judge Ruoff to recuse himself and the failure of the New Hampshire Supreme Court to hear both the Petition for Writ of Certiorari, and the Petition for a Writ of Mandamus, has deprived the Plaintiff of any possibility of a fair and impartial trial.

## COUNT III – THE FAILURE TO PROVIDE NOTICE AND A HEARING BEFORE ALLOWING A PERMANENT ATTACHMENT ON PLAINTIFF'S PROPERTY VIOLATES PLAINTIFF'S RIGHT OF DUE PROCESS

32.    Paragraph 1 through 31 are hereby realleged and incorporated herein by reference thereto.

33.    In contravention to a prior order, and without notice and a hearing, Judge Ruoff allowed Plaintiff's home to be attached. This home, now attached for over 17 months, in violation of Judge Mangones' direct Order demanding to honor the Bankruptcy Court's automatic stay, was allowed by Judge Ruoff who fully understood that the New Hampshire Sheriff had never served the Plaintiff with the Court's attachment order, within 30 days of the Court's approval, as stated on the attachment petition.

34.    As a result of the attachment, Plaintiff has been deprived of his property without due process and is a violation of 42 U.S.C 1983 and the Fourteenth Amendment of the United States Constitution.

WHEREFORE, the plaintiff respectfully request that this Court, enter an Order:

    A.    For all matters in this cause to be heard by an Article III Judge;

10

B.      Preliminarily and permanently enjoin defendant, from presiding in the cases referred to herein;

C.      Order that Plaintiff's counsel, Orr & Reno, PA be prohibited from continued representation cases referred to herein;

D.      Order the immediate release and voidance of the unlawful attachment on Plaintiff's home at 104 Foxberry Drive Property; and,

E.      Award such further equitable and other relief as the Court deems just and proper.


**Affidavit under Oath:**

This Complaint is signed under the pains and penalties of perjury and I, Attorney Joseph A. Foistner, Esq., hereby swear and affirm that the statements made herein are true in fact, to best of my knowledge and belief. Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

By:_____
Signed under Oath under the pains and
penalties of perjury, this 22nd day of
May, 2017, by
Attorney Joseph A. Foistner, Esquire


Respectfully submitted,
Joseph A. Foistner, Esquire, pro se
240 Mount Vernon Road
New Boston, NH  03070
attorneyfoistner@msn.com
(603) 487-2466

May 22, 2017

By:_____
Joseph A. Foistner, Esquire, pro se

11